UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Eugene Blumkin,<br><br>    Plaintiff,<br><br>v.<br><br>Ashton Law, P.C., AIMCO Vantage Pointe, LLC., and AIMCO Properties, LP.<br><br>    Defendants. | Civil Action No.<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED |

## PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer, Eugene Blumkin, against Defendants Ashton Law, P.C., AIMCO Vantage Pointe, LLC., and AIMCO Properties, LP. for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, et seq., violations of the Massachusetts Consumer Protection Act (the "MCPA"), M.G.L. c. 93A § 2, and Massachusetts Debt Collection Regulations, 940 CMR 7:00, et seq., by the Defendants and their agents in their illegal efforts to collect a consumer debt.

## JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Eugene Blumkin ("Plaintiff), is an adult individual residing in North Andover, Massachusetts, and is a "consumer" as the term is defined by 15 U.S.C. §1692a(3).

5. Defendant Ashton Law, P.C. ("Ashton Law"), is a Massachusetts business entity with an address of 28 Church Street, Suite 10, Winchester, Massachusetts 01890, operating as a collection agency, and is a "debt collector" as the term is defined by 15

U.S.C. § 1692a(6).

6. AIMCO Properties, LP ("AIMCO") is a Colorado business entity with an address of 4582 S. Ulster Street, Suite 1100, Denver, Colorado 80237.

7. AIMCO Vantage Pointe, LLC ("AIMCO Vantage Pointe") is a Colorado business entity with an address of 4582 S. Ulster Street, Suite 1100, Denver, Colorado 80237 and a subsidiary of AIMCO.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. Plaintiff incurred a financial obligation in the approximate amount of $8,237.15 (the "Debt" and/or "Judgment") to AIMCO Vantage Pointe.

9. Debt arose from services provided by AIMCO Vantage Pointe which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. Debt was assigned or transferred to Ashton Law for collection, or Ashton Law was employed by AIMCO or AIMCO Vantage Pointe to collect the Debt.

11. Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Defendants Engage in Harassment and Abusive Tactics

12. On January 7, 2014, the Commonwealth of Massachusetts Northeast Housing Court (the "Housing Court") entered a Judgment ordering Plaintiff to pay AIMCO Vantage Pointe a sum of $8,237.15. Subsequent Motions for Reconsideration and a Notice of Appeal by AIMCO Vantage Pointe were denied, the latter when submitted after the deadline.

13. On January 21, 2014, Plaintiff wrote a personal check for the full balance of the Judgment and mailed it to Ashton Law, attorneys for AIMCO Vantage Pointe.

14. Despite the Housing Court's ruling that Plaintiff owed AIMCO Vantage Pointe only $8,237.15, AIMCO continued to demand the payment of the pre-suit balance of $10,546.57.

15. On or about June 12, 2014, AIMCO's representative advised Plaintiff that unless he satisfied the demand for $10,546.57, the collection would be forwarded to a third party agency.

2

16. Plaintiff disputed AIMCO's demand since he had previously mailed a check to AIMCO's attorneys in full satisfaction of the Debt.

17. True to its word, AIMCO had in fact forwarded the Debt for collection and in mid-July 2014, Plaintiff started receiving calls from NCC Business Services, Inc., a debt collector, demanding payment of the Debt.

18. Furthermore, in late June 2014, and five months after Plaintiff mailed his check to Defendants, Ashton Law sent Plaintiff a letter advising that AIMCO attempted to deposit the check but Plaintiff's bank refused to honor it because Plaintiff put a stop-payment on the check.

19. Ashton Law further stated that Plaintiff failed to truthfully advise the Housing Court that the Judgment was paid where it appeared that Plaintiff instructed his bank not to honor the check.

20. In addition, in such written correspondence to the Plaintiff, Ashton Law failed to disclose its office hours.

21. Plaintiff was utterly surprised by such unfounded accusation and, upon receipt of Ashton Law's letter, immediately contacted his bank.

22. Upon contacting his bank Plaintiff learned that AIMCO had in fact attempted to process his check not by depositing it in a conventional manner, but by using the routing and checking account information on the check to initiate "pre-authorized recurring payment."

23. Because the Plaintiff has never authorized such form of electronic transaction, Plaintiff's bank blocked AIMCO's attempted funds transfer.

24. However, the bank advised the Plaintiff that had the check been deposited in a conventional manner, it would have cleared.

25. In the course of the subsequent conversation Ashton Law advised that AIMCO could only process the check electronically and requested a new check.

26. Although Plaintiff's personal check was still valid, Plaintiff agreed to issue a new cashier's check for the full balance of the Judgment once Ashton Law returned Plaintiff's personal check back to him.

27. Upon receiving his personal check back Plaintiff discovered that despite Defendants' earlier assertion that they could only process the payment electronically, Plaintiff's check had been endorsed by AIMCO for deposit in the conventional manner.

28. Plaintiff then returned the check back to the Defendants for deposit.

29. Upon receipt of the check the Defendants deposited it successfully.

**C. Plaintiff Suffered Actual Damages**

30. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

31. By delaying processing of the check for nearly six months and by attempting an unauthorized direct withdrawal from Plaintiff's bank account the Defendants caused improper and unlawful collection activities to continue against the Plaintiff.

32. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment. In addition, Plaintiff's credit was unlawfully damaged.

## COUNT 1
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692. et seq. AS TO ASHTON LAW

33. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. Ashton Law's conduct violated 15 U.S.C. § 1692d in that Ashton Law engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

35. Ashton Law's conduct violated 15 U.S.C. § 1692e in that Ashton Law used false, deceptive, or misleading representation or means in connection with the collection of a debt.

36. Ashton Law's conduct violated 15 U.S.C. § 1692e(2) in that Ashton Law misrepresented the character and legal status of the debt.

37. Ashton Law's conduct violated 15 U.S.C. § 1692e(10) in that Ashton Law employed false and deceptive means to collect a Debt.

38. Ashton Law's conduct violated 15 U.S.C. § 1692f in that Ashton Law used unfair and unconscionable means to collect a debt.

39. The foregoing acts and omissions of Ashton Law constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

40. The Plaintiff is entitled to damages as a result of Ashton Law's violations.

## COUNT 1
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692. et seq. AS TO AIMCO

41. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

42. AIMCO's conduct violated 15 U.S.C. § 1692d in that AIMCO engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

43. AIMCO's conduct violated 15 U.S.C. § 1692e in that AIMCO used false, deceptive, or misleading representation or means in connection with the collection of a debt.

44. AIMCO's conduct violated 15 U.S.C. § 1692e(2) in that AIMCO misrepresented the character and legal status of the debt.

45. AIMCO's conduct violated 15 U.S.C. § 1692e(10) in that AIMCO employed false and deceptive means to collect a debt.

46. AIMCO's conduct violated 15 U.S.C. § 1692f in that AIMCO used unfair and unconscionable means to collect a debt.

47. The foregoing acts and omissions of AIMCO constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

48. The Plaintiff is entitled to damages as a result of Ashton Law's violations.

## COUNT III
## VIOLATION OF MASSACHUSETTS CONSUMER PROTECTION ACT
## M.G.L. c. 93A §2 et seq. AS TO ALL DEFENDANTS

49. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

50. The Plaintiff is a "debtor" pursuant to 940 CMR § 7.03.

51. Each Defendant is a "creditor" pursuant to 940 CMR § 7.03.

52. The Defendants employed unfair or deceptive acts to collect the Debt, in violation of M.G.L. c. 93A §2.

53. The Defendants employed misleading representation in a communication as to the character, extent or amount of the Debt in violation of 940 CMR § 7.07(2).

5

54. The Defendants employed false, deceptive, or misleading representation, communication, or means in connection with the collection of the Debt in violation of 940 CMR § 7.07(8).

55. The Creditor attempted to collect an amount in excess of the Debt in violation of 940 CMR § 7.07(16).

56. In its written correspondence with the Plaintiff, Ashton Law failed to disclose its office hours in violation of 940 CMR § 7.07(22).

57. Defendant's failure to comply with these provisions constitutes an unfair or deceptive act under M.G.L. c. 93A § 9 and, as such, the Plaintiff is entitled to double or treble damages plus reasonable attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(l) against Defendants;

2. Statutory damages of $ 1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) for each count against Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

4. Double or treble damages plus reasonable attorney's fees pursuant to M.G.L. c. 93A§3(A);

5. Actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations in an amount to be determined at trial for the Plaintiff;

6. Punitive damages; and

7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

**[SIGNATURE PAGE TO FOLLOW]**

Respectfully submitted,
By his attorneys,

*(signature)*

Mitcheson Viana, LLP
Mark P. Viana, (BBO# 676874)
1 State Street, Suite 1500
Boston, MA 02109
Tel: 617-484-8600
mark@mvlaw.us

Dated: April 29, 2015